UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW JERSEY PHYSICIANS UNITED RECIPROCAL EXCHANGE,<br><br>Plaintiff,<br><br>v.<br><br>BOYNTON & BOYNTON, INC., et al.<br><br>Defendants. | Civil Action No. 12-5610 (FLW)<br><br>MEMORANDUM OPINION |

**BONGIOVANNI, Magistrate Judge**

Currently pending before the Court is Defendant Boynton & Boynton, Inc.'s ("Boynton") cross motion seeking leave to file Amended Counterclaims and Third-Party Complaint. [Docket Entry No. 54]. Plaintiff New Jersey Physicians United Reciprocal Exchange ("NJPURE") opposes Boynton's cross motion. The Court has reviewed all arguments made in support of and in opposition to Boynton's cross motion along with Boynton's proposed First Amended Counterclaim, Third-Party Complaint and Demand for Trial by Jury. The Court considers Boynton's cross motion without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth more fully below, Boynton's cross motion is GRANTED.

**I.    Background and Procedural History**

NJPURE initiated this matter on September 7, 2012 by filing a Complaint against Boynton & Boynton, Inc., Kevin Byrne ("Byrne") and several John Doe Defendants alleging unfair competition under the Lanham Act, various defamation claims, tortious interference with prospective contractual relationships and violations of the New Jersey Insurance Trade Practices Act (the "ITPA"). (*See generally* Compl.; Docket Entry No. 1). On September 21, 2012, NJPURE amended its Complaint as of right against all Defendants. [Amended Compl.; Docket

Entry No. 4]. The claims asserted remained the same in the Amended Complaint. In response to NJPURE's pleading, Boynton and Byrne moved to dismiss NJPURE's Amended Complaint. (*See* Def. Motion to Dismiss; Docket Entry No. 13). On May 3, 2013, the District Court entered an Order denying Boynton and Byrne's motion to dismiss without prejudice, permitting NJPURE to file a Second Amended Complaint to include any newly discovered information and allowing Boynton and Byrne to move to dismiss the Second Amended Complaint if they believed the new allegations failed to state a claim. (Order of 5/3/2013; Docket Entry No. 23).

NJPURE filed its Second Amended Complaint on May 17, 2013. (Second Amended Compl.; Docket Entry No. 26). Boynton and Byrne again moved to dismiss NJPURE's pleading. (Def. Motion to Dismiss; Docket Entry No. 31). On January 28, 2014, the District Court entered an Opinion and Order granting in part and denying in part Boynton and Byrne's motion to dismiss. (Op. & Order of 1/28/2014; Docket Entry Nos. 39 & 40). The District Court denied Boynton and Byrne's motion with respect to NJPURE's Lanham Act and state law defamation claims, but granted it with respect to NJPURE's ITPA claim, which it dismissed. (*Id.*)

In light of the fact that the District Court decided Boynton and Byrne's motion to dismiss NJPURE's Second Amended Complaint on January 28, 2014, Boynton and Byrne's responsive pleading was due 14 days later on February 11, 2014. *See* Rule 12(a)(4) (stating that "if the court denies the motion . . . , the responsive pleading must be served within 14 days after notice of the court's action"); Rule 13(a)(1)(A) (stating that "[a] pleading must state as a counterclaim any claim – at the time of its service – the pleader has against an opposing party if the claim: arises out of the transaction or occurrence that is the subject matter of the opposing party's claim"). Boynton and Byrne, however, filed their Answer to NJPURE's Second Amended Complaint along with a Third-Party Complaint against Eric Poe and Joanna Elias, and

Counterclaims against NJPURE on February 28, 2014, 17 days late. [Docket Entry No. 44]. NJPURE, Eric Poe and Joanna Elias moved to dismiss Boynton and Byrne's Third-Party Complaint and Counterclaims. (Pl. Motion to Dismiss; Docket Entry No. 49).[1] Boynton opposed NJPURE, Eric Poe and Joanna Elias' motion and cross moved to amend. [Docket Entry No. 54].

Via its cross motion, Boynton sought to amend its Counterclaims and Third-Party Complaint in order to correct certain "clerical error[s.]" (Boynton's Cross Motion at 8; Docket Entry No. 54). Specifically, Boynton sought to (1) remove all references to the ITPA; (2) remove the allegation that University Radiology Group left Boynton and began procuring medical malpractice insurance through NJPURE after receiving solicitations from Eric Poe; (3) clarify that Count I of the Counterclaims and Third-Party Complaint alleges a violation of 15 U.S.C. § 1125(a)(1)(A); and (4) clarify that Count II of the Counterclaims and Third-Party Complaint alleges a violation of 15 U.S.C. § 1125(a)(1)(B) not § 1125(b). NJPURE, Eric Poe and Joanna Elias opposed Boynton's cross motion.

On September 29, 2014, the District Court granted NJPURE, Eric Poe and Joanna Elias' motion to dismiss and struck Boynton and Byrne's Counterclaims and Third-Party Complaint. (Order of 9/29/2014; Docket Entry No. 64). Importantly, in striking the Counterclaims and Third-Party Complaint, the District Court did not reach the merits of Boynton and Byrne's pleadings. (*Id*. at 2 (holding that "the Court strikes Defendants' Counterclaims and Third-Party Complaint, without deciding the merits of Defendants' pleadings on this motion")).[2] Instead, the

---

[1] Despite the lateness of the pleading, they did not move to strike Boynton and Byrne's Answer.
[2] Despite the District Court's specific language stating that it did not reach the merits of Boynton and Byrne's pleading in its Order striking same, NJPURE argues that Boynton and Byrne's Counterclaims and Third-Party Complaint were "partially dismissed on the merits[.]" (Pl. Supp. Opp. Br. at 4; Docket Entry No. 66). This argument is premised on the District Court's statement that "one of Defendant's 'newly asserted' Lanham Act claim [sic] is not factually supported." (*Id*. at 4, n 1 (quoting Order of 9/29/2014 at 2)). The language in the District Court's

3

District Court struck Boynton and Byrne's Counterclaims and Third-Party Complaint because "Defendants did not file their responsive pleading until February 28, 2014, thirty-one days after the Court's decision[,]" and did so without first "seek[ing] an extension of time to file" and without "provid[ing] any reason as to why their filing is untimely[.]" (*Id.* at 1). Under these circumstances, the District Court found that "it would not be appropriate for the Court to exercise its discretion to extend Defendants' time to answer *nunc pro tunc*, especially in light of Defendants having admitted to the following 'clerical errors' contained in their Counterclaims and Third-Party Complaint . . ." (*Id*. at 1-2).[3]

Upon striking Boynton and Byrne's Counterclaims and Third-Party Complaint, the District Court referred Boynton's pending cross motion to file an Amended Third-Party Complaint and Counterclaims to this Court. Subsequently, Boynton and NJPURE filed additional briefing with respect to same. (*See* Def. Supp. Br., Docket Entry No. 65; Pl. Supp. Opp. Br., Docket Entry No. 66; and Def. Supp. Reply Br., Docket Entry No. 68). The Court now addresses Boynton's pending cross motion to amend.[4] (*Id*.)

**II.   Analysis**

    **A.   Motions to Extend Time**

        **1.  Standard of Review**

Pursuant to Federal Rule of Civil Procedure ("Rule") 6(b)(1)(B), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: on motion

---

Order, however, is clear: it did not decide the merits of Boynton and Byrne's Counterclaims and Third-Party Complaint.

[3] Although the District Court struck Boynton and Byrne's Counterclaims and Third-Party Complaint, it did not strike their Answer, which was also filed on February 28, 2014.

[4] On November 25, 2014, in order to move this case forward, the Court entered a Letter Order granting Boynton's cross-motion to amend, but noting that a "substantive opinion outlining the Court's reasons for permitting the proposed amendments" would be entered "shortly." (Letter Order of 11/25/2014; Docket Entry No. 69). This is that opinion.

made after the time has expired if the party failed to act because of excusable neglect." "When determining whether a party has shown 'excusable neglect,' courts take into account 'all relevant circumstances surrounding the party's omission,' including the danger of prejudice to the opposing party, the length of the delay in responding and its potential impact on judicial proceedings, 'the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Thompson v. Warren*, Civil Action No. 13-4334 (JAP), 2014 WL 4953249, *1 (D.N.J. Oct. 2, 2014) (quoting *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)).

"Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer*, 507 U.S. at 392. Instead, the Supreme Court has noted that the phrase is given its "commonly accepted meaning." (*Id*.) As such, the Supreme Court found it "not surprising . . . that in applying Rule 6(b), the Courts of Appeals have generally recognized that 'excusable neglect' may extend to inadvertent delays." (*Id*.)

    2. **Discussion**

In light of the fact that the District Court struck Boynton and Byrne's initial Counterclaims and Third-Party Complaint, Boynton's pending cross motion to amend is now a bit of a contradiction as there is no operative pleading to amend. Instead, the Court finds that it is more appropriate to treat Boynton motion as one to file Counterclaims and a Third-Party Complaint out of time. Boynton, itself, recognizes as much in its supplemental briefing arguing that "[i]n light of the suppression of Boynton's initial Counterclaim and Third Party Complaint .

. . the present application is better analyzed as a motion for leave to file a Counterclaim and Third Party Complaint out of time." (Def. Supp. Br. at 3).

Boynton argues that it should be permitted to file its Counterclaims and Third-Party Complaint out of time because excusable neglect exists under the circumstances presented here to warrant the late filing. In this regard, Boynton contends that in the context of these proceedings, the 17 day delay in filing the now stricken Counterclaims and Third-Party Complaint was *de minimis*, resulted from counsel unintentionally miscalendaring the deadline for filing the Counterclaims and Third-Party Complaint and would not prejudice NJPURE. Indeed, Boynton claims that "[t]he 17 day delay would have had virtually no impact on the proceedings. Despite being filed on the same day and in the same document as the Counterclaim and Third Party Complaint, the plaintiff has not sought, nor has the court ordered, the suppression of Boynton's Answer." (*Id*. at 5).

NJPURE, however, maintains that Boynton has not established excusable neglect and, as such, should not be permitted to file its Counterclaims and Third-Party Complaint out of time. In this regard, NJPURE argues that even if Boynton's "neglect eight months ago" is "deemed 'excusable,'" Boynton has still failed to cure same because "its filing is still deficient eight months later." (Pl. Supp. Opp. Br. at 6). Specifically, NJPURE takes issue with the fact that "Boynton failed to attach a copy of its proposed amended pleading" to the brief it filed on October 10, 2014 "in support of its motion for leave to file an amended counterclaim and third party complaint[.]" (*Id*.) As such, NJPURE argues that "Boynton's motion is still deficient, and should be denied because it is still not timely and properly filed." (*Id*. at 6-7).

The Court finds that NJPURE's argument largely misses the mark. While NJPURE is correct that with motions to amend the pleadings filed under Rule 15, litigants must "attach to

6

the motion a copy of the proposed pleading or amendments and retain the original until the Court has ruled" (L.Civ.R. 7.1(f)), that requirement is inapposite to motions seeking permission to act out of time under Rule 6(b)(1). In light of the fact that the District Court struck Boynton and Byrne's Counterclaims and Third-Party Complaint, Boynton, in the first instance, argues that it is no longer seeking permission to amend same, but instead is seeking permission to file same out of time. (Def. Supp. Br. at 3). The Court agrees with this argument. Indeed, there are no operative Counterclaims or Third-Party Complaint for Boynton to amend. Instead, Boynton is seeking permission to file Counterclaims and a Third-Party Complaint out of time. Boynton's motion, to the extent it is treated as a motion to extend time to act, which, as noted above, the Court finds appropriate, contains no requirement that Boynton attach a copy of its proposed Counterclaims and Third-Party Complaint. As a result, Boynton's motion is not deficient.[5]

Further, the Court finds that Boynton's failure to timely file its Counterclaims and Third-Party Complaint resulted from excusable neglect. In reaching this conclusion, the Court finds that the 17 day delay was *de minimis* in light of the fact that this matter had already been pending for over 17 months when Boynton's responsive pleading was due. Indeed, said delay would have little if any impact on these proceedings. In addition, it is clear that Boynton's failure to timely file its Counterclaims and Third-Party Complaint did not result from bad faith, but instead from an unintended miscalendaring of the appropriate deadline. While such inadvertence will not always support a finding of excusable neglect, under the circumstances presented here, the Court finds that it should. *Pioneer*, 507 U.S. at 392 (holding that excusable neglect is an "'elastic concept'" that is "not limited strictly to omissions caused by circumstances beyond the

---

[5] Even if the Court were to treat Boynton's motion as a motion to amend and analyze it under Rule 15, the Court would find that Boynton had satisfied its obligation to attach a proposed amended pleading to same. Boynton attached a proposed First Amended Counterclaim and Third Party Complaint to its original cross motion to amend. [*See* Docket Entry No. 54-2].

7

control of the movant.")  This is especially true in light of the fact that NJPURE could hardly contend that it would be unduly prejudiced by the 17 day delay.[6]  As a result, the Court shall permit Boynton to file its Counterclaims and Third-Party Complaint out of time.

>     **B.    Motions to Amend the Pleadings**

As discussed above, because Boynton and Byrne's original Counterclaims and Third-Party Complaint were stricken, the Court reviewed Boynton's motion as one to file a counterclaim and third-party complaint out of time.  As a result, the Court does not reach the issue of whether Boynton's cross motion to amend would have been granted under Rule 15(a).

### III.    Conclusion

For the reasons stated above, Boynton's cross motion is granted to the extent Boynton seeks permission to file Counterclaims and a Third-Party Complaint out of time.  An appropriate Order follows.

Dated: December 16, 2014

>                             s/Tonianne J. Bongiovanni
>                             **HONORABLE TONIANNE J. BONGIOVANNI**
>                             **UNITED STATES MAGISTRATE JUDGE**

---

[6] Obviously, this delay has since grown in length.  However, the lapse in time is not attributable to Boynton, but instead resulted from the Court's consideration of the motions pending before it.